IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES D. YOUNG,
ADC #120971                                                          PLAINTIFF

v.                                    5:05CV00293SWW/HLJ

STATE OF ARKANSAS,  et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted) was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff is an inmate confined at the Jefferson County Jail Facility of the Arkansas Department

of Correction (ADC).  He seeks relief pursuant to 42 U.S.C. § 1983, alleging that the Arkansas parole

system is unconstitutional based on the application of parole laws to him which were not in effect at the

time of his sentence.  As a result, plaintiff states that although he was granted "regular parole" on June

20, 2005, he can not obtain release from prison until he submits a parole plan which includes a sponsor

to whom he is to be released.  Plaintiff asks for monetary and injunctive relief.

Plaintiff also filed a second amended complaint (DE #7), stating that defendants have denied him

credit for good time served, and detailing the amount of damages he is seeking, based on the number of

days he claims he has been imprisoned beyond his sentence.   Plaintiff also states that he currently is

involved in a state habeas corpus proceeding which addresses his claims of the unconstitutional parole

system, a violation of the equal protection and due process clauses, and ex post facto violations.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief

against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss

a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious,

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that this case falls within the context of Heck v. Humphrey, 114 S.Ct. 2364 (1994).  In this case,  the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.  See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, plaintiff complains that he is being held beyond his release date and that the current parole laws applied to his situation are unconstitutional.  Plaintiff claims that defendants instead should be applying a law in effect at the time of his sentence which would in effect result in his

release from incarceration.[1]  To the extent that plaintiff asks for monetary relief, the Court finds that this claim falls within the meaning of Heck, because his success would imply the invalidity of his sentence and continued imprisonment.   Therefore, this claim should be dismissed.

In addition, to the extent that plaintiff is asking for injunctive relief, the Court finds that plaintiff is asking for immediate release from prison.   This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies.  See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  Plaintiff admits in his complaint that he is involved in a pending state habeas case, and therefore, it is clear that he has not exhausted his state court remedies at this point.  Therefore, the Court finds that plaintiff's complaint should be dismissed without prejudice, pursuant to Heck supra,  and that should his sentence and imprisonment be invalidated by a state  tribunal or federal court, he may reassert his claim for damages in a subsequent section 1983 action.   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his sentence and imprisonment be invalidated by a state tribunal or federal court.[2]

---

[1]

The Court finds this case distinguishable from Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), where the Supreme Court held that a challenge to the constitutionality of parole-eligibility proceedings was not barred by Heck, because the result did not mean immediate release for the inmate plaintiff.  In this particular case, however, plaintiff alleges that defendants should apply the laws in effect at the time of his sentence, which would require his immediate release from jail .

[2]

The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."    See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 9th day of December, 2005.

_Henry L. Jones, Jr._
United States Magistrate Judge